20339—Wilbur L. Hall v. The Oldfield Tire & Rubber Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 2-23-27, 5 Abs. 138.

20345—Edward Anderson v. Thomas Littleton Gibson. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Allowed. Dock. 2-24-27, 5 Abs. 138; OA. 5 Abs. 166.

# Weekly Abstract of PENDING CASES

**EXPLANATION.** The following statements, synopsizing cases recently docketed in the Supreme Court, were prepared by our editors, from the recitals, arguments, etc., appearing in the Motion to Certify, Briefs and other papers filed therewith.

It should be borne in mind that the Pending cases are, as yet, undecided, and the results merely problematical. They are published in the Abstract, premonitorially, to acquaint the Bar with the issues in them, and to confront the lawyers with knowledge that, as an authority, they, and former decision in the case, will be unsettled, until a final decision is made.

Consult the weekly Concordance closely, to ascertain the dispositions finally made of the cases by the higher courts.

For meaning of Abreviations, See Ternary Digest, page XII.

## No. 211
### PALMER v. MITCHELL
No. 20255.  Supreme Court

On motion to certify. Dock. Jan. 7, 1926, 5 Abs. 27.

**647. INSURANCE—Where beneficiary under War Risk Insurance Policy dies should balance of intsallments be paid to beneficiaries, administratrix or to father and half brothers of insured?**

First Publication of this Case

The question involved is, do unpaid installments of insurance issued as War Risk Insurance accrue to beneficiaries, administratrix or should they be paid direct to the father and half brothers of insured?

Attorneys—C. E. Timberlake, Bellaire, for Palmer; H. W. Mitchell and Thornburg & Lewis, St. Clairsville, for Mitchell.

Note—Motion to certify allowed, 5 Abs. 90.

## No. 212
### ROSE CO. v. ROSS
No. 20181. Supreme Court

On motion to certify. Dock. Nov. 22, 1926, 4 Abs. 790.

**941. PRACTICE & PROCEDURE—Are the provisions of 11599 GC. mandatory, and can a valid judgment be rendered before a motion for a new trial is overruled?**

First Publication of this Case

The M. J. Rose Co. had a verdict rendered against them for $900 on May 5, 1926. On May 7, 1926 a motion for a new trial was made, on June 14, 1926 a record was made awarding $900 to Ross with costs, and on ept. 7, 1926,

the motion for new trial was overruled. On Sept 23, 1926 the Rose Co. filed its petition for entry in the Summit Appeals which was struck from files upon the ground that same was not filed within 70 days. The company in the Supreme Court for an interpretation of 12270 and 11599 GC.

The company contends in the Supreme Court

1. That the provision of 11599 GC., as aforesaid, are mandatory and that no valid judgment could be entered in the Common Pleas Court until the motion for a new trial was overruled.

2. That the entry made on June 14 is a nullity, and it is of no effect by reason of the provision of Section 11599. An examination of said statute, as it now provides, prohibits the tion for a new trial is overruled.

entering of the judgment until after the mo-

Attorneys—C. M. Meyers for Company; Lahrmer & Hadley for Ross; all of Akron.

## No. 213
### BURGOON v. COM. MUT. INS. CO.
No. 20312.  Supreme Court

On motion to cert. Dock. Feb. 8, 1927, 5 Abs. 105.

**385. DEPOSITION—Does fact that one does not file deposition until date of hearing preclude him from reading cross examination of his agent as shown by his deposition?**

First Publication of this Case

Burgoon contends in the Supreme Court that when depositions are taken by both plaintiff and defendant's agent, and defendant does not file his deposition until day of hearing; Burgoon, after reading his,, has the right to be sustained in an objection to reading of cross examination of the agent as shown by Insurance Company's deposition.

Attorneys—Cable & Cable, Lima, for Burgoon; Ballare, Jones & Price, Columbus, and Lippincott & Lippincott, Lima, for Company.

Note—Motion to certify overruled, 5 Abs. 155.

## No. 214
### STATE ex HOLMES v. THATCHER
No. 20317.  Supreme Court

In mandamus. Dock. Feb. 9, 1927, 5 Abs. 105.

**747. MANDAMUS—Does Mandamus lie to compel county to pay share of salary of municipal judges and does Sec. 1558-48 GC. which provides for city, county payment violate Art. II, Sec. 20 of the constitution?**

First Publication of this Case

This is an action in mandamus to compel payment by county of its share of the salary of Municipal Judge and same also raises question as to whether or not Sec. 1558-4 8 GC. which provides for city, county payment of, violates Art. II, Sec. 20 of the constitution.

Attorneys—F. Rubrecht, J. N. Linton, P. M. Herbert & B. W. Gearheart for State ex; J. J. Chester, Jr., L. T. Williams for Thatcher; all of Columbus.

Note—Demurrer to pet. sustained, and judgment for defendant, 5 Abs. 154.